# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Derek Maner, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 8:24-cv-02626-TMC |
| Warden of Kershaw Correctional Institution, | ) **ORDER** |
|       Defendant. | ) |

Petitioner Derek Maner ("Petitioner"), a state prisoner proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Respondent Warden of Kershaw Correctional Institution ("Respondent") filed a motion for summary judgment, (ECF No. 21), and a return and memorandum, (ECF No. 20). Petitioner filed a response in opposition to Respondent's motion, (ECF No. 30), and Respondent filed a reply, (ECF No. 32).

Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending the court grant Respondent's motion for summary judgment and deny the Petition. (ECF No. 33). Petitioner filed objections to the Report, (ECF No. 43), and Respondent filed a reply, (ECF No. 45). This matter is now ripe for review.

**I.     Legal Standards**

    **A.  Review of the Magistrate Judge's Report**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of potentially meritorious arguments and claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). Accordingly, "when

reviewing *pro se* objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### B. Summary Judgment

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red*

3

*Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## II.     Factual Background

The magistrate judge issued a thorough and well-reasoned Report, recommending that this court grant Respondent's motion for summary judgment and deny the Petition. (ECF No. 33). The Report sets forth in detail the relevant facts and standards of law, and the court incorporates the same with only a synopsis of the relevant factual background here.

On February 12, 2009, following a trial in state court, a jury found Petitioner guilty of one count of murder. (ECF No. 20-2 at 338). The Honorable Michael G. Nettles sentenced Petitioner to life imprisonment. *Id.* Petitioner filed a direct appeal, and the South Carolina Court of Appeals affirmed his conviction and sentence on October 10, 2012, and issued a remittitur on October 26, 2012. *Id*. at 339–340; (ECF No. 20-5 at 1).  On September 12, 2013, Petitioner filed his first application for postconviction relief ("PCR") in the Allendale County Court of Common Pleas. (ECF No. 20-2 at 341–47).

A PCR evidentiary hearing was held before the Honorable Diane S. Goodstein ("PCR Court"), and she entered an order ("PCR Order") dated September 25, 2017, denying Petitioner's PCR application. (ECF No. 20-2 at 448–65). The PCR Order was filed October 11, 2017. *Id*. at 448. Although Petitioner did not appeal the PCR Order at that time, on August 27, 2018, Petitioner filed a second PCR application in the Allendale County Court of Common Pleas, arguing his PCR counsel failed to timely appeal the PCR Order and seeking to appeal that order. *Id*. at 466–71. Petitioner's PCR counsel submitted an affidavit[1] that noted her office received the PCR Order on October 31, 2017, but it was not placed before her. *See* (ECF No. 20-2 at 473). She indicated that on December 6, 2017, she received an email about the PCR Order from counsel who was previously relieved. *Id*. PCR counsel averred she called the court and she was informed that the previously relieved counsel was still the attorney of record and PCR counsel could not file an appeal on behalf of Petitioner. *Id*. at 473–74. She also noted that she assured Petitioner they would file an appeal from his PCR dismissal and that he did not waive his right to do so. *Id*. art 474. On January 15, 2019, the Honorable Perry M. Buckner, III, issued a consent order ("Consent Order") granting Petitioner a belated appeal of the PCR Order pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). (ECF No. 20-2 at 472–76). The Consent Order indicated all other PCR allegations were waived and dismissed with prejudice. *Id*.

In February of 2019, Petitioner, represented by counsel, filed a belated notice of appeal of the PCR Order in the South Carolina Court of Appeals. (ECF No. 20-6). Petitioner raised the following two issues for belated review:

> 1. Did the PCR judge err in refusing to find trial counsel ineffective for not objecting to testimony from an officer that, fifteen months after the disappearance of Ericka Bradley, he stopped Petitioner's

---

[1] The affidavit was not included in the record, but the consent order granting Petitioner's belated appeal referenced the affidavit and outlined its contents. *See* (ECF No. 20-2 at 473–74).

5

brother for a tag violation and noticed that the car was missing a backseat and the trunk would not open when there was no link between the brother's car and the disappearance making the testimony irrelevant.

2. Did the PCR judge err in refusing to find trial counsel ineffective for not objecting to testimony about purported hidden jewelry when there was no connection between the jewelry and the disappearance of Ericka Bradley, making the testimony irrelevant?

(ECF No. 20-8 at 3).

The belated appeal was transferred to the South Carolina Court of Appeals, (ECF No. 20-10), and on February 28, 2024, that court issued an unpublished opinion affirming the PCR Order. (ECF No. 20-14). Remittitur was issued on March 19, 2024. (ECF No. 20-15).

This Petition followed on April 29, 2024. (ECF No. 1). In the Petition, Petitioner argues the following:

> Ground One:
>
> Judge erred in refus[]ing to find trial counsel ineffective for not objecting to testimony from; at that time; Detective James Denny Dean H. Hutto. Fifteen months after the disappearance of Erica Bradley, he stopped Petitioner's brother for a tag violation and noticed that the car was missing a backseat, the trunk would not open and that the car was crushed before trial when there was no link between the brother's car and the disappearance, making the testimony irrelevant.
> . . .
> Ground Two:
>
> The Judge erred in refusing to find trial counsel ineffective for not objecting to testimony about purported hidden jewelry. There was no connection between the jewelry and the disappearance of Erica Bradley, making the testimony irrelevant.
> . . .
> Ground Three:
>
> Failure to have expert testimony of Dr. Ward held in camera and failure to object to this testimony. His testimony was outside his area of expertise.

6

> . . .
> Ground Four:
>
> Failure to object to Investigator Silvaggio's testimony on the basis it was victimology. School records and reported work conduct proves testimony was bias, prejudicial and irrelevant.

(ECF No. 1 at 5, 7, 8, and 10).

Respondent filed a motion for summary judgment, (ECF No. 21), and a return and memorandum, (ECF No. 20). Petitioner filed a response in opposition to Respondent's motion, (ECF No. 30), and Respondent filed a reply, (ECF No. 32).

In the Report, the magistrate judge recommended that this court grant Respondent's motion for summary judgment because (1) the Petition is time barred, and equitable tolling does not apply; (2) Grounds Three and Four are procedurally defaulted; and (3) all grounds fail on the merits. (ECF No. 33).

## III. Discussion

### A. Timeliness of Petition

Since Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998); *see generally Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, "[a] 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This means, in the context of 28 U.S.C. § 2244(d)(1)–(2), the time that elapses between completion (or expiration) of

7

direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

In his response in opposition to Respondent's motion for summary judgment, Petitioner conceded that 322 days lapsed before he filed his first PCR action, so he "still had 43 days of time left on the one-year period for timely filing." (ECF No. 30 at 4).

In seeking summary judgment, Respondent argued the entire action should be dismissed as untimely under the one-year statute of limitations. (ECF No. 20 at 14–17). The magistrate judge construed Petitioner's argument in opposition to summary judgment as "asserting that (1) the entire period from when he filed his first PCR application on September 12, 2013, until the South Carolina Court of Appeals issued its decision on the belated appeal on February 28, 2024, tolled the statute of limitations; and (2) even if that entire period of time was not subject to statutory tolling, Petitioner is entitled to equitable tolling." (ECF No. 33 at 16). Petitioner did not object to this construction of his arguments, and this court agrees with the construction.

The magistrate judge, cited to numerous cases in this district, and found "Petitioner's second PCR action and the grant of a belated appeal under *Austin v. State* did not toll the statute of limitations for the period between the conclusion of his first PCR action and the filing of his second PCR action." (ECF No. 33 at 16–17). In *McHoney v. South Carolina*, 518 F. Supp.2d 700 (D.S.C. 2007), the court found "the fact that the state court allowed a belated [*Austin*] appeal does not make the notice of appeal 'timely.'" The court found that "[a]fter the time in which to appeal lapsed, [the petitioner's] application for further appellate review ceased to be 'pending' for purposes of calculating the tolling of the federal limitations period." *Id*. As such, the court concluded "the AEDPA's limitations period was not tolled during this time[.]" *Id*.

8

In his objections Petitioner contends *McHoney* is distinguishable based on the circumstances leading to the grant of the *Austin* appeal in this case. (ECF No. 33 at 16). This argument is unpersuasive because regardless of the reasons for the grant of the delayed appeal, during the period of time between the denial of the first PCR application and the filing of his second PCR application there was no "pending" application for postconviction relief that would toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection." (emphasis added)). As such, courts have consistently found that "[t]he fact that [a petitioner] was granted a belated PCR appeal does not entitle him to toll the time between the PCR actions[.]" *Delane v. Jackson*, No. 5:24-cv-05907-SAL, 2025 WL 2218296 at *5 (D.S.C. Aug. 5, 2025) (collecting cases). As noted by the magistrate judge, Petitioner's second PCR action was filed 290 days after the denial of his first PCR action became final, and "[t]he statute of limitations expired 43 days into that 290-day time period." (ECF No. 33 at 16). Based on the foregoing and for the reasons explained in the Report, the magistrate judge correctly concluded that the Petition is time-barred. Petitioner's objection is therefore overruled.

Next, the magistrate judge liberally construed as an argument for equitable tolling Petitioner's argument that the delay in filing the Petition was caused by PCR counsel's failure to file a timely appeal the PCR Order. (ECF No. 33 at 17). Petitioner does not object to that construction, and this court agrees.

The United States Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560

9

U.S. 631, 649 (2010) (internal quotations omitted).  "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris*, 209 F.3d at 330.

The magistrate judge found equitable tolling did not apply because Petitioner has not shown extraordinary circumstances or that he diligently pursued his rights.  (ECF No. 33 at 17–20).  In his objections, Petitioner argues that "the correct standard requires Equitable Tolling and Excusable Neglect because extraordinary circumstances were beyond petitioner[']s control . . . Respondent should not benefit from the procedural failure, especially since that failure was due to a mistake by the court . . . [and] the interests of justice should outweigh strict adherence to the deadlines."  (ECF No. 43 at 9).  However, the magistrate judge applied the applicable authorities regarding equitable tolling to the facts of this case and found Petitioner's equitable tolling arguments to be meritless.  *See* (ECF No. 33 at 17–20).  The court agrees with the magistrate judge's conclusion.

At the latest, PCR counsel was aware of the PCR Order on December 6, 2017.  (ECF No. 20-2 at 473).  However, the second PCR application was not filed until August 2018, well past the 43 days Petitioner had remaining before the one-year statute of limitations passed.  Courts have consistently found that an attorney's failures generally do not constitute extraordinary circumstances.  *See Delane*, 2025 WL 2218296 at *5 (collecting cases); *see also e.g., Harris*, 209 F.3d at 330–31 (concluding a mistake by counsel regarding calculation of limitations period did not warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999) (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed).  Furthermore, Petitioner has not shown that he has diligently pursued his

10

rights. As noted by the magistrate judge, Petitioner waited 322 days before filing his first PCR action. (ECF No. 33 at 19–20); *Johnson v. Bodison*, No. C/A 8:08-3238CMCBHH, 2009 WL 540654, at *6 (D.S.C. Mar. 4, 2009) ("[I]n order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him." (internal quotations omitted)). The also court notes there is no indication that Petitioner diligently pursued an appeal of the PCR Order in the time period between when PCR counsel became aware of the PCR Order in late 2017 and the filing of the second PCR application in August 2018. Based on the foregoing, Petitioner's objection is thus overruled.

### B. Procedural Bar

"[F]ailure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims." *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986). The magistrate judge found that Grounds Three and Four are procedurally defaulted, noting that although Petitioner raised these grounds in his first PCR application, the PCR Order denied relief, and Petitioner did not appeal that decision as to Grounds Three and Four in the state appellate court. (ECF Nos. 33 at 20–22; 20-2 at 454–55, 461; 20-8 at 3; 1 at 9–11). The magistrate judge found "Petitioner has not shown, much less argued, sufficient cause and actual prejudice to excuse his procedural default." (ECF No. 33 at 21). Petitioner did not object to the magistrate judge's findings. Finding no clear error, the court agrees with and adopts the magistrate judge's findings and recommendation that Grounds Three and Four were procedurally defaulted.

### C. Merits

Out of an abundance of caution, the magistrate judge addressed the merits of all four grounds and found Respondent is entitled to summary judgment. (ECF No. 33 at 22–31). As

previously indicated, Grounds Three and Four were procedurally defaulted. As such, the court only addresses Grounds One and Two.

The magistrate judge correctly discussed the applicable law. In short, to obtain habeas relief under AEDPA, a petitioner must show that the PCR court's ruling

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In Ground One, Petitioner argues the PCR judge erred in refusing to find trial counsel was ineffective for not objecting to testimony related to Petitioner's brother's vehicle. (ECF No. 1 at 5). As to Ground One, the magistrate judge found as follows:

> Petitioner argues that "allowing this inadmissible testimony in[to evidence] undermined the facts[ of] Petitioner's innocence and allowed a picture to [be] drawn of something that never took place." ECF No. 30 at 4. Petitioner supports this assertion with a summary of his view of the evidence presented at trial. *Id*. However, Petitioner provides no argument regarding the reasonableness of the PCR Court's or the South Carolina Court of Appeal's application of

> law to the facts and evidence of the case under the *Strickland*[2] standard.
>
> Respondent argues the South Carolian Court of Appeal's adjudication of Ground One was reasonable in the application of law to the facts of the case and was correctly guided by the established test for ineffective assistance claim under *Strickland*. ECF No. 20 at 18. The [magistrate judge] agrees.

(ECF No. 33 at 22).

The magistrate judge thoroughly addressed the findings of both the PCR Court and the South Carolina Court of Appeals in making his findings. (ECF No. 33 at 23–25). In his objection to the magistrate judge's findings, Petitioner again restates his view of the evidence presented at trial and repeats his argument that the testimony was irrelevant, biased, and prejudicial. (ECF No. 43 at 6–7). However, Petitioner does not address the magistrate judge's determination that the South Carolina Court of Appeal's adjudication of Ground One was reasonable. As such, finding no error, clear or otherwise, the court overrules Petitioner's objection and finds Respondent is entitled to summary judgment as to Ground One. *See Valentino v. Clarke*, 972 F.3d 560, 580 (4th Cir. 2020) (noting "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect, but whether that determination was unreasonable—a substantially higher threshold.") (internal quotations omitted).

As to Ground Two, Petitioner argues the PCR judge erred in refusing to find trial counsel ineffective for not objecting to testimony about purported hidden jewelry. (ECF No. 1 at 7). The magistrate judge found as follows:

> In his Response in Opposition to the Motion for Summary Judgment, Petitioner argues '[t]his ground was turned down for the same reason as ground one. . . .ECF No. 30 at 5. Petitioner again

---

[2] *Strickland v. Washington*, 466 U.S. 668, (1984) (finding that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in representation and (2) he was prejudiced as a result).

>   attempts to support this assertion with a summary of his own view of the evidence presented at trial. *Id*. Like before, Petitioner provides no argument regarding the reasonableness of the South Carolina Court of Appeal's application of law to the facts of the case under the *Strickland* standard.
>
>   Respondent argues the South Carolina Court of Appeal's adjudication of Ground Two, as with Ground One, was reasonable in application of law to the facts of the case and was correctly guided by the established test for the ineffective assistance claims under *Strickland*. ECF No. 20 at 20. Respondent contends that Petitioner failed to show a reasonable probability that, but for trial counsel's performance in failing to object to the testimony concerning the jewelry, the result of the trial would have been different. *Id*. The [magistrate judge] agrees.

(ECF No. 33 at 25–26). Again, the magistrate judge thoroughly addressed the findings of the PCR Court and of the South Carolina Court of Appeals in making its determination. (ECF No. 33 at 25–28). In his objections to the magistrate judge's findings, Petitioner again restates his view of the evidence presented at trial and repeats his argument that the testimony misled and misinformed the jury and was biased, irrelevant, and prejudicial. (ECF No. 43 at 7). However, like in his objection to Ground One, Petitioner does not object to the magistrate judge's conclusion that the South Carolina Court of Appeals' adjudication of Ground Two was reasonable. *See Valentino v.*, 972 F.3d at 580   As such, finding no error, clear or otherwise, the court overrules Petitioner's objection and finds Respondent is entitled to summary judgment as to Ground Two.

## IV.   Conclusion

Having thoroughly reviewed the Report and record under the appropriate standards, the court **ADOPTS** the Report in part and respectfully declines to adopt the Report in part,[3] (ECF No.

---

[3]   The Report is adopted in part because the court declined to consider the merits of Grounds Three and Four because they were procedurally defaulted.

33), and incorporates it herein to the extent it is consistent with this order. Respondent's motion for summary judgment, (ECF No. 21), is **GRANTED**, and the Petition, (ECF No. 1), is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
September 22, 2025